IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **BUSHNELL INC.**, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-2009-KHV-JPO |
| | ) | |
| **THE BRUNTON COMPANY**, et. al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THE BRUNTON COMPANY'S, LS GLOBAL LLC'S, AND LANSHUO PHOTOELECTRIC SCIENCE AND TECHNOLOGY CO.'S**
**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

COME NOW The Brunton Company ("Brunton"), LS Global LLC d/b/a I-On Optics ("I-On"), and Lanshuo Photoelectric Science and Technology Company Ltd. ("Lanshuo"), by their attorneys, and for their Answer to Plaintiffs' Complaint ("Complaint"), state as follows:

Brunton, I-On, and Lanshuo deny each and every allegation of the Complaint not expressly admitted herein.

**Parties**

1. Plaintiff Bushnell Inc. ("Bushnell") is a corporation duly organized under the laws of the State of Delaware with a principal place of business at 9200 Cody, Overland Park, Kansas, 66214.

**ANSWER:** Brunton, I-On, and Lanshuo are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint and therefore deny the same.

2. Plaintiff Laser Technology, Inc. ("LTI") is a corporation duly organized under the laws of the State of Delaware with a principal place of business at 7070 South Tucson Way, Centennial, Colorado, 80112. Bushnell and LTI will be collectively referred to as Plaintiffs.

**ANSWER:** Brunton, I-On, and Lanshuo are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Complaint and therefore deny the same.

3. Upon information and belief, Defendant American Technologies Network, Corporation ("ATN") is a California corporation with its principal place of business at 1341 San Mateo Avenue, South San Francisco, California, 94080.

**ANSWER:** Brunton, I-On, and Lanshuo are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint and therefore deny the same.

4. Upon information and belief, Defendant The Brunton Company ("Brunton") is a Wyoming corporation with a principal place of business at 2255 Brunton Court, Riverton, Wyoming, 82501.

**ANSWER:** Brunton admits the allegations in Paragraph 4. I-On and Lanshuo are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint and therefore deny the same.

5. Upon information and belief, Defendant LS Global LLC d/b/a I-On Optics ("I-On") is a Wisconsin limited liability company with a principal place of business at W 150 N 10159 Summer Hill Court, Germantown, Wisconsin, 53022.

**ANSWER:** I-On admits the allegations in Paragraph 5. Brunton and Lanshuo are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Complaint and therefore deny the same.

6. Upon information and belief, Defendant Sellmark Corporation d/b/a Sightmark ("Sightmark") is a Texas corporation with a principal place of business at 201 Regency Parkway, Mansfield, Texas 76063.

**ANSWER:** Brunton, I-On, and Lanshuo are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint and therefore deny the same.

7. Upon information and belief, Defendant Lanshuo Photoelectric Science and Technology Co. Ltd. ("Lanshuo") is a foreign corporation with a principal place of business at Fuhua Building of University Science and Technology Garden, Beibei, Chongqing, 400700, China.

**ANSWER:** Lanshuo admits the allegations in Paragraph 7. Brunton and I-On are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint and therefore deny the same.

8. Defendants ATN, Brunton, I-On, Sightmark, and Lanshuo will be collectively referred to as Defendants.

**ANSWER:** Brunton, I-On, and Lanshuo state that paragraph 8 contains no factual allegations and thus requires no response.

**<u>Jurisdiction and Venue</u>**

9. Plaintiffs incorporate by reference and re-allege the allegations in paragraphs 1 -8, above, as if fully set forth herein.

**ANSWER:** To the extent necessary to respond to Paragraph 9 of the Complaint, Brunton, I-On, and Lanshuo reincorporate by reference all of their prior responses in Paragraphs 1-8 above as if fully set forth herein.

10. This is an action for patent infringement arising under the patent laws, Title 35, United States Code.

**ANSWER:** Answering the allegations of paragraph 10, Brunton, I-On, and Lanshuo admit that the Complaint purports to arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., but deny that Plaintiffs are entitled to recovery under such act.

11. This Court has jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** The allegations contained in Paragraph 11 of the Complaint are conclusions of law, and require no response; to the extent a response is necessary, Brunton, I-On, and Lanshuo state that they deny that this Court has subject matter jurisdiction over Plaintiffs' claims as pled.

12. Venue is proper in this District in accordance with 28 U.S.C. §§ 1391 (b) - (c), and 1400(b). Upon information and belief, Defendants sell various products, including the products complained of herein, throughout the United States and within this judicial district.

**ANSWER:** Answering Paragraph 12 of the Complaint, Brunton, I-On, and Lanshuo state that they do not challenge venue in this Court.

**Count I - Patent Infringement**
(U.S. Patent No. 5,612,779)

13. Plaintiffs incorporate by reference and re-allege the allegations in paragraphs 1-12, above, as if fully set forth herein.

**ANSWER:** To the extent necessary to respond to Paragraph 13 of the Complaint, Brunton, I-On, and Lanshuo reincorporate by reference all of their prior responses in Paragraphs 1-12 above as if fully set forth herein.

14. On March 18, 1997, U.S. Patent No. 5,612,779 (the "'779 Patent"), entitled "Automatic Noise Threshold Determining Circuit and Method For a Laser Range Finder," was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '779 Patent is attached hereto as Exhibit A.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore deny the same. Further answering, Brunton, I-On, and Lanshuo state that Exhibit A attached to the Complaint speaks for itself.

15. LTI co-owns the '779 Patent and, by agreement with its co-owner, has obtained the unilateral right to pursue the present action. Bushnell is the exclusive licensee of the '779 Patent within the field including the products accused of infringement herein, and Plaintiffs between them have full rights to recover past and future damages thereunder.

**ANSWER:** Brunton, I-On, and Lanshuo admit that LTI purports to co-own the '779 Patent but deny that LTI has the unilateral right to pursue the present action. Brunton, I-On, and Lanshuo deny that Plaintiff Bushnell Inc. is the exclusive licensee of the '779 Patent within the field including the products accused of infringement herein,

and deny that Plaintiffs between them have full rights to recover past and future damages under the '779 Patent.

16. Bushnell sells, and/or offers for sale in the United States laser range finders that embody the claimed inventions of the '779 Patent. Bushnell has placed and continues to place the required statutory notice that its laser range finders are protected by the '779 Patent on Bushnell's laser range finders that embody the claimed inventions of the '779 Patent.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and therefore deny the same.

17. Upon information and belief, ATN imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by ATN under the name Ranger Eye-800. Upon information and belief, by reason of its commercial activities, ATN has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the '779 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Ranger Eye-800.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore deny the same.

18. Upon information and belief, Brunton imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by

Brunton under the name Echo. Upon information and belief, by reason of its commercial activities, Brunton has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ‘779 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Echo.

**ANSWER:** Brunton admits that it sells one or more lines of laser range finders in the United States, including, but not limited to, lines of products sold under the name Echo, but denies that it has, or is still, directly infringing, contributorily infringing, and/or inducing infringement of the ‘779 Patent. I-On and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 and therefore deny the same.

19. Upon information and belief, I-On imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by I-On under the names LS101B and LS101C. Upon information and belief, by reason of its commercial activities, I-On has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ‘779 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the LS101B and LS101C.

**ANSWER:** I-On admits that it sells one or more lines of laser range finders in the United States, including, but not limited to, lines of products sold under the names LS101B and LS101C, but denies that it has, or is still, directly infringing, contributorily infringing, and/or inducing infringement of the ‘779 Patent. Brunton and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and therefore deny the same.

20. Upon information and belief, Sightmark imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Sightmark under the name SM650 Laser Rangefinder. Upon information and belief, by reason of its commercial activities, Sightmark has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the '779 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the SM650 Laser Rangefinder.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 and therefore deny the same.

21. Upon information and belief, Lanshuo imports, causes to be imported, distributes, causes to be distributed, sells, causes to be sold, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, the accused laser range finders distributed by ATN, Brunton, I-On, and Sightmark. Upon information and belief, by reason of its commercial activities complained of herein, Lanshuo has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the '779 Patent.

**ANSWER:** Lanshuo admits that it imports and sells into the United States one or more lines of laser range finders, including, but not limited to, the accused laser range finders distributed by Brunton and I-On, but denies that it has, or is still, directly infringing, contributorily infringing, and/or inducing infringement of the '779 Patent.

Brunton and I-On admit that they distribute certain laser range finders manufactured by Lanshuo, but deny any remaining allegations in Paragraph 21.

22. Upon information and belief, Defendants have deliberately and willfully infringed the '779 Patent and will continue to infringe the '779 Patent and Plaintiffs will be irreparably harmed unless Defendants are enjoined by this Court under 35 U.S.C. § 283 from their continuing infringement.

**ANSWER:** Brunton, I-On, and Lanshuo deny the allegations in Paragraph 22 as untrue.

23. As a direct and proximate result of the Defendants' infringement of the '779 Patent, Plaintiffs have been, and are continuing to be, damaged and are entitled to recover damages from Defendants under 35 U.S.C. § 284.

**ANSWER:** Brunton, I-On, and Lanshuo deny the allegations in Paragraph 23 as untrue.

**Count II - Patent Infringement**
(U.S. Patent No. 5,652,651)

24. Plaintiffs incorporate by reference and re-allege the allegations in paragraphs 1-23, above, as if fully set forth herein.

**ANSWER:** To the extent necessary to respond to Paragraph 24 of the Complaint, Brunton, I-On, and Lanshuo reincorporate by reference all of their prior responses in Paragraphs 1-23 above as if fully set forth herein.

25. On July 29, 1997, U.S. Patent No. 5,652,651 (the "'651 Patent"), entitled "Laser Range Finder Having Selectable Target Acquisition Characteristics and Range Measuring Precision," was duly and legally issued by the United States Patent and

Trademark Office. A true and accurate copy of the ‘651 Patent is attached hereto as Exhibit B.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and therefore deny the same. Further answering, Brunton, I-On, and Lanshuo state that Exhibit B attached to the Complaint speaks for itself

26. LTI co-owns the ‘651 Patent and, by agreement with its co-owner, has obtained the unilateral right to pursue the present action. Bushnell is the exclusive licensee of the ‘651 Patent within the field including the products accused of infringement herein, and Plaintiffs between them have full rights to recover past and future damages thereunder.

**ANSWER:** Brunton, I-On, and Lanshuo admit that LTI purports to co-own the ‘651 Patent but deny that LTI has the unilateral right to pursue the present action. Brunton, I-On, and Lanshuo deny that Plaintiff Bushnell Inc. is the exclusive licensee of the ‘651 Patent within the field including the products accused of infringement herein, and deny that Plaintiffs between them have full rights to recover past and future damages under the ‘651 Patent.

27. Upon information and belief, ATN imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by ATN under the name Ranger Eye-800. Upon information and belief, by reason of its commercial activities, ATN has, and is still, directly infringing, contributorily infringing, and/or

inducing infringement of, the ‘651 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Ranger Eye-800.

**ANSWER:** Brunton, I-On, Lanshuo, and Sightmark are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and therefore deny the same.

28. Upon information and belief, Brunton imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Brunton under the name Echo. Upon information and belief, by reason of its commercial activities, Brunton has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ‘651 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Echo.

**ANSWER:** Brunton admits that it sells one or more lines of laser range finders in the United States, including, but not limited to, lines of products sold under the name Echo, but denies that it has, or is still, directly infringing, contributorily infringing, and/or inducing infringement of the ‘651 Patent. I-On and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 and therefore deny the same.

29. Upon information and belief, I-On imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by 1-On under the names LS101B and LS101C, Upon information and belief, by reason of its commercial activities, 1-On has, and is still, directly infringing, contributorily infringing, and/or

inducing infringement of, the ‘651 Patent by making, using, selling, and/or offering for sale laser range finders, including at least theLS101B and LS101C.

**ANSWER:** I-On admits that it sells one or more lines of laser range finders in the United States, including, but not limited to, lines of products sold under the names LS101B and LS101C, but denies that it has, or is still, directly infringing, contributorily infringing, and/or inducing infringement of the ‘651 Patent. Brunton and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 and therefore deny the same.

30. Upon information and belief, Sightmark imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Sightmark under the name SM650 Laser Rangefinder. Upon information and belief, by reason of its commercial activities, Sightmark has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ‘651 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the SM650 Laser Rangefinder.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 and therefore deny the same.

31. Upon information and belief, Lanshuo imports, causes to be imported, distributes, causes to be distributed, sells, causes to be sold, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, the accused laser range finders distributed by

ATN, Brunton, I-On, and Sightmark, Upon information and belief, by reason of its commercial activities complained of herein, Lanshuo has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the '651 Patent.

**ANSWER:** Lanshuo admits that it imports and sells into the United States one or more lines of laser range finders, including, but not limited to, the accused laser range finders distributed by Brunton and I-On, but denies that it has, or is still, directly infringing, contributorily infringing, and/or inducing infringement of the '651 Patent. Brunton and I-On admit that they distribute certain laser range finders manufactured by Lanshuo, but deny any remaining allegations in Paragraph 31.

32. Upon information and belief, Defendants have deliberately and willfully infringed the '651 Patent and will continue to infringe the '651 Patent and Plaintiffs will be irreparably harmed unless Defendants are enjoined by this Court under 35 U.S.C. § 283 from their continuing infringement.

**ANSWER:** Brunton, I-On, and Lanshuo deny the allegations in Paragraph 32 as untrue.

33. As a direct and proximate result of the Defendants' infringement of the '651 Patent, Plaintiffs have been, and are continuing to be, damaged and are entitled to recover damages from Defendants under 35 U.S.C, § 284.

**ANSWER:** Brunton, I-On, and Lanshuo deny the allegations in Paragraph 33 as untrue.

**Count III** - Patent Infringement
(U.S. Patent No. 5,926,259)

34. Plaintiffs incorporate by reference and re-allege the allegations in paragraphs 1-33, above, as if fully set forth herein.

**ANSWER:** To the extent necessary to respond to Paragraph 34 of the Complaint, Brunton, I-On, and Lanshuo reincorporate by reference all of their prior responses in Paragraphs 1-33 above as if fully set forth herein.

35. On July 20, 1999, U.S. Patent No. 5,926,259 (the "'259 Patent"), entitled "Laser Range Finder with Target Quality Display," was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '259 Patent is attached hereto as Exhibit C.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and therefore deny the same. Further answering, Brunton, I-On, and Lanshuo state that Exhibit C attached to the Complaint speaks for itself

36. Bushnell owns all right, title, and interest in and to the '259 Patent, including full rights to recover past and future damages thereunder.

**ANSWER:** Brunton, I-On, and Lanshuo deny the allegations in Paragraph 36 as untrue.

37. Upon information and belief, ATN imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by ATN under the name Ranger Eye-800. Upon information and belief, by reason of its commercial activities, ATN has, and is still, directly infringing, contributorily infringing,

and/or inducing infringement of, the ‘259 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Ranger Eye-800.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and therefore deny the same.

38. Upon information and belief, Brunton imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Brunton under the name Echo. Upon information and belief, by reason of its commercial activities, Brunton has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ‘259 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Echo.

**ANSWER:** Brunton admits that it sells one or more lines of laser range finders in the United States, including, but not limited to, lines of products sold under the name Echo, but denies that it has, or is still, directly infringing, contributorily infringing, and/or inducing infringement of the ‘259 Patent. I-On and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and therefore deny the same.

39. Upon information and belief, I-On imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by I-On under the names LS10IB and LS101C. Upon information and belief, by reason of its commercial activities, I-On has, and is still, directly infringing, contributorily infringing, and/or

inducing infringement of, the ‘259 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the LSlOlB and LSlOlC.

**ANSWER:** I-On admits that it sells one or more lines of laser range finders in the United States, including, but not limited to, lines of products sold under the names LS101B and LS101C, but denies that it has, or is still, directly infringing, contributorily infringing, and/or inducing infringement of the ‘259 Patent. Brunton and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and therefore deny the same.

40. Upon information and belief, Sightmark imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Sightmark under the name SM650 Laser Rangefinder, Upon information and belief, by reason of its commercial activities, Sightmark has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ‘259 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the SM650 Laser Rangefinder.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 and therefore deny the same.

41. Upon information and belief, Lanshuo imports, causes to be imported, distributes, causes to be distributed, sells, causes to be sold, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, the accused laser range finders distributed by

ATN, Brunton, I-On, and Sightmark. Upon information and belief, by reason of its commercial activities complained of herein, Lanshuo has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ‘259 Patent.

**ANSWER:** Lanshuo admits that it imports and sells into the United States one or more lines of laser range finders, including, but not limited to, the accused laser range finders distributed by Brunton and I-On, but denies that it has, or is still, directly infringing, contributorily infringing, and/or inducing infringement of the ‘259 Patent. Brunton and I-On admit that they distribute certain laser range finders manufactured by Lanshuo, but deny any remaining allegations in Paragraph 41.

42. Upon information and belief, Defendants have deliberately and willfully infringed the ‘259 Patent and will continue to infringe the ‘259 Patent and Bushnell will be irreparably harmed unless Defendants are enjoined by this Court under 35 U.S.C. § 283 from their continuing infringement.

**ANSWER:** Brunton, I-On, and Lanshuo deny the allegations in Paragraph 42 as untrue.

43. As a direct and proximate result of the Defendants’ infringement of the ‘259 Patent, Bushnell has been, and is continuing to be, damaged and is entitled to recover damages from Defendants under 35 U.S.C. § 284.

**ANSWER:** Brunton, I-On, and Lanshuo deny the allegations in Paragraph 43 as untrue.

## Count IV - Patent Infringement
(U.S. Patent No. 6,057,910)

44. Plaintiffs incorporate by reference and re-allege the allegations in paragraphs 1-43, above, as if fully set forth herein.

**ANSWER:** To the extent necessary to respond to Paragraph 44 of the Complaint, Brunton, I-On, and Lanshuo reincorporate by reference all of their prior responses in Paragraphs 1-43 above as if fully set forth herein.

45. On May 2, 2000, U.S. Patent No. 6,057,910 (the " '910 Patent"), entitled "Self-Calibrating Precision Timing Circuit and Method for a Laser Range Finder," was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '910 Patent is attached hereto as Exhibit D.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and therefore deny the same. Further answering, Brunton, I-On, and Lanshuo state that Exhibit D attached to the Complaint speaks for itself.

46. LTI co-owns the '910 Patent and, by agreement with its co-owner, has obtained the unilateral right to pursue the present action.- Bushnell is the exclusive licensee of the '910 Patent within the field including the products accused of infringement herein, and Plaintiffs between them have full rights to recover past and future damages thereunder.

**ANSWER:** Brunton, I-On, and Lanshuo admit that LTI purports to co-own the '910 Patent but deny that LTI has the unilateral right to pursue the present action. Brunton, I-On, and Lanshuo deny that Plaintiff Bushnell Inc. is the exclusive licensee of the '910 Patent within the field including the products accused of infringement herein, and deny that Plaintiffs between them have full rights to recover past and future damages under the '910 Patent.

47. Bushnell sells, and/or offers for sale in the United States laser range finders that embody the claimed inventions of the '910 Patent. Bushnell has placed and continues to place the required statutory notice that its laser range finders are protected by the '910 Patent on Bushnell's laser range finders that embody the claimed inventions of the '910 Patent.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and therefore deny the same.

48. Upon information and belief, ATN imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by ATN under the name Ranger Eye-800. Upon information and belief, by reason of its commercial activities, ATN has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the '910 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Ranger Eye-800.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 and therefore deny the same.

49. Upon information and belief, Brunton imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Brunton under the name Echo. Upon information and belief, by reason of its commercial activities, Brunton has, and is still, directly infringing, contributorily infringing, and/or

inducing infringement of, the ‘910 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Echo.

**ANSWER:** Brunton admits that it sells one or more lines of laser range finders in the United States, including, but not limited to, lines of products sold under the name Echo, but denies that it has, or is still, directly infringing, contributorily infringing, and/or inducing infringement of the ‘910 Patent. I-On and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 and therefore deny the same.

50. Upon information and belief, I-On imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by 1-On under the names LS101B and LS101C. Upon information and belief, by reason of its commercial activities, I-On has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ‘910 Patent by making, using, selling, and/or offering for sale laser range finders, including at least theLS10IB and LS101C.

**ANSWER:** I-On admits that it sells one or more lines of laser range finders in the United States, including, but not limited to, lines of products sold under the names LS101B and LS101C, but denies that it has, or is still, directly infringing, contributorily infringing, and/or inducing infringement of the ‘910 Patent. Brunton and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and therefore deny the same.

51. Upon information and belief, Sightmark imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more

lines of laser range finders, including, but not limited to, lines of products sold by Sightmark under the name SM650 Laser Rangefinder. Upon information and belief, by reason of its commercial activities, Sightmark has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the '910 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the SM650 Laser Rangefinder.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and therefore deny the same.

52. Upon information and belief, Lanshuo imports, causes to be imported, distributes, causes to be distributed, sells, causes to be sold, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, the accused laser range finders distributed by ATN, Brunton, I-On, and Sightmark. Upon information and belief, by reason of its commercial activities complained of herein, Lanshuo has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the '910 Patent.

**ANSWER:** Lanshuo admits that it imports and sells into the United States one or more lines of laser range finders, including, but not limited to, the accused laser range finders distributed by Brunton and I-On, but denies that it has, or is still, directly infringing, contributorily infringing, and/or inducing infringement of the '910 Patent. Brunton and I-On admit that they distribute certain laser range finders manufactured by Lanshuo, but deny any remaining allegations in Paragraph 52.

53. Upon information and belief, Defendants have deliberately and willfully infringed the '910 Patent and will continue to infringe the '910 Patent and Plaintiffs will be irreparably harmed unless Defendants are enjoined by this Court under 35 U.S.C. § 283 from their continuing infringement.

**ANSWER:** Brunton, I-On, and Lanshuo deny the allegations in Paragraph 53 as untrue.

54. As a direct and proximate result of the Defendants' infringement of the '910 Patent, Plaintiffs have been, and are continuing to be, damaged and are entitled to recover damages from Defendants under 35 U.S.C. § 284.

**ANSWER:** Brunton, I-On, and Lanshuo deny the allegations in Paragraph 54 as untrue.

**Count V - Patent Infringement**
(U.S. Patent No. 6,226,077)

55. Plaintiffs incorporate by reference and re-allege the allegations in paragraphs 1-54, above, as if fully set forth herein.

**ANSWER:** To the extent necessary to respond to Paragraph 55 of the Complaint, Brunton, I-On, and Lanshuo reincorporate by reference all of their prior responses in Paragraphs 1-54 above as if fully set forth herein.

56. On May 1, 2001, U.S. Patent No. 6,226,077 (the " '077 Patent"), entitled "Self-Calibrating Precision Timing Circuit and Method for A Laser Range Finder," was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '077 Patent is attached hereto as Exhibit E.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and

therefore deny the same. Further answering, Brunton, I-On, and Lanshuo state that Exhibit E attached to the Complaint speaks for itself.

57. LTI co-owns the '077 Patent and, by agreement with its co-owner, has obtained the unilateral right to pursue the present action. Bushnell is the exclusive licensee of the '077 Patent within the field including the products accused of infringement herein, and Plaintiffs between them have full rights to recover past and future damages thereunder.

**ANSWER:** Brunton, I-On, and Lanshuo admit that LTI purports to co-own the '077 Patent but deny that LTI has the unilateral right to pursue the present action. Brunton, I-On, and Lanshuo deny that Plaintiff Bushnell Inc. is the exclusive licensee of the '077 Patent within the field including the products accused of infringement herein, and deny that Plaintiffs between them have full rights to recover past and future damages under the '077 Patent.

58. Bushnell sells, and/or offers for sale in the United States laser range finders that embody the claimed inventions of the '077 Patent. Bushnell has placed and continues to place the required statutory notice that its laser range finders are protected by the '077 Patent on Bushnell's laser range finders that embody the claimed inventions of the '077 Patent.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 and therefore deny the same.

59. Upon information and belief, ATN imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of

laser range finders, including, but not limited to, lines of products sold by ATN under the name Ranger Eye-800. Upon information and belief, by reason of its commercial activities, ATN has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the '077 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Ranger Eye-800.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and therefore deny the same.

60. Upon information and belief, Brunton imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Brunton under the name Echo. Upon information and belief, by reason of its commercial activities, Brunton has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the '077 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Echo.

**ANSWER:** Brunton admits that it sells one or more lines of laser range finders in the United States, including, but not limited to, lines of products sold under the name Echo, but denies that it has, or is still, directly infringing, contributorily infringing, and/or inducing infringement of the '077 Patent. I-On and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 and therefore deny the same.

61. Upon information and belief, I-On imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of

laser range finders, including, but not limited to, lines of products sold by I-On under the names LS101B and LS101C. Upon information and belief, by reason of its commercial activities, I-On has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ‘077 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the LSlOlB and LSlOlC.

**ANSWER:** I-On admits that it sells one or more lines of laser range finders in the United States, including, but not limited to, lines of products sold under the names LS101B and LS101C, but denies that it has, or is still, directly infringing, contributorily infringing, and/or inducing infringement of the ‘077 Patent. Brunton and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 and therefore deny the same.

62. Upon information and belief, Sightmark imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Sightmark under the name SM650 Laser Rangefinder. Upon information and belief, by reason of its commercial activities, Sightmark has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ‘077 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the SM650 Laser Rangefinder.

**ANSWER:** Brunton, I-On, and Lanshuo are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and therefore deny the same.

63. Upon information and belief, Lanshuo imports, causes to be imported, distributes, causes to be distributed, sells, causes to be sold, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, the accused laser range finders distributed by ATN, Brunton, I-On. and Sightmark. Upon information and belief, by reason of its commercial activities complained of herein, Lanshuo has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ‘077 Patent.

**ANSWER:** Lanshuo admits that it imports and sells into the United States one or more lines of laser range finders, including, but not limited to, the accused laser range finders distributed by Brunton and I-On, but denies that it has, or is still, directly infringing, contributorily infringing, and/or inducing infringement of the ‘077 Patent. Brunton and I-On admit that they distribute certain laser range finders manufactured by Lanshuo, but deny any remaining allegations in Paragraph 63.

64. Upon information and belief, Defendants have deliberately and willfully infringed the ‘077 Patent and will continue to infringe the ‘077 Patent and Plaintiffs will be irreparably harmed unless Defendants are enjoined by this Court under 35 U.S.C. § 283 from their continuing infringement.

**ANSWER:** Brunton, I-On, and Lanshuo deny the allegations in Paragraph 64 as untrue.

65. As a direct and proximate result of the Defendants’ infringement of the ‘077 Patent, Plaintiffs have been, and are continuing to be, damaged and are entitled to recover damages from Defendants under 35 U.S.C, § 284.

**ANSWER:** Brunton, I-On, and Lanshuo deny the allegations in Paragraph 65 as untrue.

**RELIEF REQUESTED**

Answering Plaintiffs' prayers for relief, Brunton, I-On, and Lanshuo deny that Plaintiffs are entitled to relief of any sort whatsoever.

**AFFIRMATIVE DEFENSES**

Brunton, I-On, and Lanshuo hereby give notice to Plaintiffs that they lack knowledge and information sufficient to form a belief as to the truth of numerous allegations contained in the Complaint, and that until Brunton, I-On, and Lanshuo avail themselves of their right of discovery, they cannot determine whether any or all of these affirmative defenses will be asserted at trial. For the same reasons, Brunton, I-On, and Lanshuo reserve the right to assert additional affirmative defenses as may be deemed warranted following completion of discovery.

FIRST AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring this action.

SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter to adjudicate this matter.

THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to join necessary parties pursuant to Rule 19 of the Federal Rules of Civil Procedure.

FOURTH AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim for which relief can be granted.

FIFTH AFFIRMATIVE DEFENSE

One or more of the asserted claims of the '779 patent, '651 patent, '259 patent, '910 patent, and '077 patent are or may be invalid because they are anticipated by the

prior art or otherwise fail to comply with the requirements of 35 U.S.C. § 101, § 102, § 103, § 112, § 116, and/or § 120.

SIXTH AFFIRMATIVE DEFENSE

The '779 patent, '651 patent, '259 patent, '910 patent, and '077 patent are or may be unenforceable under the equitable doctrines of estoppel, inequitable conduct, laches, and/or acquiescence.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are required to mitigate their damages and have failed, in whole or in part, to do so.

WHEREFORE, Defendants pray for relief as follows:

A. That Plaintiffs' Complaint be dismissed with prejudice;

B. That Plaintiffs be required to pay Brunton's, I-On's, and Lanshuo's costs, expenses, and reasonable attorney fees in connection with this action; and

C. That Brunton, I-On, and Lanshuo have such other, further, and different relief as this Court deems just and proper.

## **COUNTERCLAIMS**

The Brunton Company ("Brunton"), LS Global LLC d/b/a I-On Optics ("I-On"), and Lanshuo Photoelectric Science and Technology Company Ltd. ("Lanshuo") (collectively "Counter-Plaintiffs") demand a jury trial, and allege as follows against Counter-Defendants Bushnell Inc. ("Bushnell") and Laser Technology, Inc. ("LTI") (collectively "Counter-Defendants"):

### **Parties**

1. Counter-Plaintiff The Brunton Company ("Brunton") is a Wyoming

corporation with a principal place of business at 2255 Brunton Court, Riverton, Wyoming, 82501.

2. Counter-Plaintiff LS Global LLC d/b/a I-On Optics ("I-On") is a Wisconsin limited liability company with a principal place of business at W 150 N 10159 Summer Hill Court, Germantown, Wisconsin, 53022.

3. Counter-Plaintiff Lanshuo Photoelectric Science and Technology Co. Ltd. ("Lanshuo") is a foreign corporation with a principal place of business at Fuhua Building of University Science and Technology Garden, Beibei, Chongqing, 400700, China.

4. Upon information and belief, and as alleged by Bushnell, Counter-defendant Bushnell is a corporation duly organized under the laws of the State of Delaware with a principal place of business at 9200 Cody, Overland Park, Kansas, 66214.

5. Upon information and belief, and as alleged by LTI, Counter-defendant LTI is a corporation duly organized under the laws of the State of Delaware with a principal place of business at 7070 South Tucson Way, Centennial, Colorado, SOI 12.

**Jurisdiction and Venue**

6. This Counterclaim is filed under 28 U.S.C. §§ 2201 and 2202 for declaratory judgment that the asserted claims of United States Patent Nos. 5,612,779 (the "'779 Patent"), 5,652,651 (the "'651 Patent"), 5,926,259 (the "'259 Patent"), 6,057,910 (the "'910 Patent"), and 6,226,077 (the "'077 Patent") (collectively, the "Patents-in-Suit") are invalid and/or not infringed by Counter-Plaintiffs.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

8. Venue is proper in this Court because the Counterclaim arises from facts and circumstances alleged in the abovementioned Complaint filed by Counter-Defendants in this District.

**Count I**

**(Declaration of Non-Infringement of the ‘779, ‘651, ‘259, ‘910, and ‘077 Patents)**

9. Counter-Plaintiffs reallege and incorporate by reference paragraphs 1 through 8 of the Counterclaim above.

10. Counter-Defendants allege that they are the co-owner and the exclusive licensee of the Patents-in-Suit, and that Counter-Plaintiffs infringe one or more claims of the Patents-in-Suit.

11. Counter-Plaintiffs deny that they infringe, contribute to the infringement of, or induce the infringement of any claim of the Patents-in-Suit.

12. Counter-Plaintiffs are entitled to a declaratory judgment that Counter-Plaintiffs do not infringe the Patents-in-Suit.

13. By reason of the foregoing, an actual and justiciable controversy exists between Counter-Plaintiffs and Counter-Defendants concerning the non-infringement of the Patents-in-Suit by Counter-Plaintiffs. A judicial declaration of non-infringement is necessary to resolve this conflict.

**Count II**

**(Declaration of Invalidity)**

14. Counter-Plaintiffs reallege and incorporate by reference paragraphs 1 through 13 of the Counterclaim above.

15. This is a counterclaim for a declaration of invalidity of the Patents-in-Suit.

16. One or more claims of the Patents-in-Suit are invalid for failure to comply, among other things, with the requirements of 35 U.S.C. § 101, § 102, § 103, § 112, § 116, and/or § 120.

17. Counter-Plaintiffs are entitled to a declaratory judgment that one or more of the claims of the Patents-in-Suit are invalid.

18. Based on Bushnell's and LTI's Complaint, there is an actual and justiciable controversy between Counter-Plaintiffs, Bushnell, and LTI as to the invalidity and unenforceability of the Patents-in-Suit. A judicial declaration of non-infringement is necessary to resolve this conflict.

## Prayer for Relief

WHEREFORE, Counter-Plaintiffs respectfully request that this Court enter a judgment against Bushnell and LTI as follows:

A. A declaration that Bushnell and LTI take nothing by reason of the Complaint and that the Complaint is dismissed with prejudice;

B. A declaration that Counter-Plaintiffs have not infringed any valid claim of any of the Patents-in-Suit;

C. A declaration that Counter-Plaintiffs have not induced infringement of any valid claim of any of the Patents-in-Suit;

D. A declaration that Counter-Plaintiffs have not contributed to the infringement of any valid claim of any of the Patents-in-Suit;

E. A declaration that the claims of the Patents-in-Suit are invalid;

F. A declaration that the Patents-in-Suit are unenforceable;

G. That Counter-Plaintiffs be awarded the costs of suit, attorneys' fees, and

any other relief this Court deems just and proper.

**Jury Trial Demand**

Counter-Plaintiffs request a jury trial on all issues so triable.

Respectfully submitted,

FOULSTON SIEFKIN LLP

By: s/*Scott C. Nehrbass*
Scott C. Nehrbass, KS #16285
Samuel P. Logan, KS #14832
9 Corporate Woods, Suite 450
9200 Indian Creek Parkway
Overland Park, KS 66210-2017
(913) 498-2100
(913) 498-2101 FAX
Email: snehrbass@foulston.com
Email: slogan@foulston.com

BUTZEL LONG P.C.
J. Michael Huget
Deborah J. Swedlow
Zachary V. Moen
350 South Main Street – Suite 300
Ann Arbor, Michigan 48104
(734) 995-3110
(734) 995-1777 (FAX)
E-mail: huget@butzel.com
E-mail: swedlow@butzel.com
E-mail: moen@butzel.com
(admitted *pro hac vice)*

ATTORNEY FOR DEFENDANTS
THE BRUNTON COMPANY
LS GLOBAL LLC, LANSHUO
PHOTOELECTRIC SCIENCE AND
TECHNOLOGY CO. LTD.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of **April**, **2009**, I electronically filed the above and foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Scott R. Brown
Matthew B. Walters
Jennifer C. Bailey
HOVEY WILLIAMS LLP
84 Corporate Woods
10801 Mastin Blvd., Suite 1000
Overland Park, KS 66210
Email: jcb@hoveywilliams.com
Email: mwalters@hoveywilliams.com
Email: srb@hoveywilliams.com

ATTORNEYS FOR PLAINTIFFS

By: s/*Scott C. Nehrbass*
ATTORNEY FOR DEFENDANTS
THE BRUNTON COMPANY
LS GLOBAL LLC, LANSHUO PHOTOELECTRIC SCIENCE AND TECHNOLOGY CO. LTD.