IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **BUSHNELL INC.**, et. al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-2009-KHV-JPO |
| | ) | |
| **THE BRUNTON COMPANY**, et. al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    I.     PLAINTIFFS ADMIT THAT THEY LACK STANDING TO BRING A CLAIM FOR INFRINGEMENT OF THE '779, '651, '910, AND '077 PATENTS .......... 2

         A.     Federal Circuit Law Is Directly Contrary to Plaintiffs' Position ................ 2

         B.     The Cases Cited By Plaintiff Are Inapposite .............................................. 3

         C.     The Kama-Tech Waiver Does Not Protect Defendants From Multiple Lawsuits and Encumbers Defendants' Ability to Defend This Case .......... 5

    II.    BUSHNELL, INC. ADMITS THAT IT LACKS STANDING TO BRING A CLAIM FOR INFRINGEMENT OF THE '259 PATENT ................................... 7

CONCLUSION ...................................................................................................................... 10

i

# INDEX OF AUTHORITIES

**Cases**

*Amgen v. F. Hoffman-Laroche Ltd.*, 456 F. Supp. 2d 267 (D. Mass. 2006) .................................. 4

*Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090 (Fed. Cir. 1998) ............................... 7, 8, 9

*IPVenture, Inc. v. Prostar Computer, Inc.*, 503 F.3d 1324 (Fed. Cir. 2007) .................................. 3

*Israel Bio-Engineering Project v. Amgen Inc.*, 475 F.3d 1256 (Fed. Cir. 2007) ........................... 6

*LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 211 (D. Del. 2006) ........... 3, 4, 6

*Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206 (Fed. Cir. 1998) .................................... 7, 8

*Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026 (Fed. Cir. 1995 .................................... 3

*Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372 (Fed. Cir. 2000) ............................................. 2

*Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341 (Fed. Cir. 1997) ........................................ 6

*Synopsys, Inc. v. Magma Design Automation, Inc.*, No. C-04-3923, 2006 U.S. Dist. LEXIS 21662 (N.D. Cal. Mar. 30, 2006) ............................................................................................. 5

**Statutes**

Patent Act, 35 U.S.C. ............................................................................................................ 4, 5, 6

## INTRODUCTION

Plaintiffs have blithely ignored foundational jurisdictional prerequisites to filing and maintaining a lawsuit, and their cavalier attitude toward these basic principles calls into question the merits of the substantive allegations they have made. Plaintiffs' strategy is now becoming clear – force this Court to rush to judgment before the proper level of scrutiny can be put to Plaintiffs' motivations and claims.

Plaintiffs acknowledge the general rule relied upon by Defendants in their Motion to Dismiss – *i.e.*, that all owners of a patent-in-suit must be joined as parties – and further admit that the co-owner of four of the five patents at issue is not a party to this case. Nevertheless, Plaintiffs contend this Court should proceed regardless by allowing Plaintiffs an exception to this general rule – without disclosing to this Court that the very exception they seek to have this Court apply for them has been expressly rejected by the United States Court of Appeals for the Federal Circuit.

Regarding the remaining patent (the '259 Patent), Plaintiffs again acknowledge they fundamentally erred by not having the proper owner of the '259 Patent joined as a party to this suit. Again, however, they ask this Court to countenance this basic error by creating another exception – this time by allowing them to retroactively cure this defect and allowing an amended complaint. The Federal Circuit, however, has clearly held that a plaintiff must have a sufficient interest in the patent both at the time of the alleged infringement *and* at the time that the lawsuit is initiated. Therefore, there is no support for what Plaintiffs seek, and Defendants respectfully assert that this case must, accordingly, be dismissed.

## ARGUMENT

### I. PLAINTIFFS ADMIT THAT THEY LACK STANDING TO BRING A CLAIM FOR INFRINGEMENT OF THE '779, '651, '910, AND '077 PATENTS.

Plaintiffs do not want to abide by foundational standing rules. They admit that they have failed to join a co-owner of the '779, '651, '910, and '077 Patents as a party to this litigation and "agree that the general rule is that all owners of a patent must be joined as plaintiffs in an infringement action in order to have standing." (Pl. Br., Dkt. No. 50, at 4.) This should end the matter. Nevertheless, Plaintiffs take the position that the Court should ignore this general rule of standing because of the Kama-Tech Waiver in which co-owner (and non-party) Kama-Tech (HK) Ltd. ("Kama-Tech") purports to waive its right to participate in this litigation and agrees to be bound by any judgment in this litigation.[1]  (*Id.* pp. 3-4.)

### A. Federal Circuit Law Is Directly Contrary to Plaintiffs' Position.

Despite the Plaintiffs' statement that "multiple courts, including the Federal Circuit have sanctioned" the use of a waiver agreement to resolve issues of standing, the exact opposite is true – the Federal Circuit has expressly held that such a waiver cannot resolve the issue of standing. *See Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1380-81 (Fed. Cir. 2000). In *Prima-Tek*, the defendant argued that the plaintiffs, who were licensees of the patents-in-suit, lacked standing to bring their infringement claims without joining the patent owner. *Id.* at 1374. Plaintiffs argued that the patent owner was not a necessary party to the lawsuit because the policy underlying the standing rule, that an accused infringer should not be subject to multiple suits on the same patent, would not be undercut where the patent owner had expressly agreed to be bound by any judgment rendered in an action to which the licensees were a party. *Id.* at 1380-

---

[1] Plaintiffs also admit that Bushnell, Inc. does not have standing on its own to sue on the '779, '651, '910, and '077 Patents because it is merely an exclusive field licensee, without "all substantial rights" in those patents. (*Id.*, pp. 3-4.)

81. The Federal Circuit rejected the plaintiffs' argument and held that a patent owner's agreement to be bound by all judgments against a licensee does not resolve the issue of standing. *Id.* at 1381. The Court further held that "[s]tanding to sue for infringement depends entirely on the putative plaintiff's proprietary interest in the patent, *not on any contractual arrangements among the parties regarding who may sue and who will be bound by judgments.*" *Id.* (emphasis added). Thus, "*a contract cannot change the statutory requirement for suit to be brought by a 'patentee'.*" *Id.* (quoting *Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1034 (Fed. Cir. 1995)) (emphasis added). Accordingly, the Federal Circuit held that the patent owner's agreement to be bound by judgments against the plaintiff did not resolve the issue of standing in the case. *Id.* Plaintiffs' attempt to avoid application of this core principle – their attempt to contractually opt Kama-Tech out of this lawsuit – similarly fails and cannot remedy the rule that all co-owners must be parties to this lawsuit.

### B. The Cases Cited By Plaintiff Are Inapposite.

The cases cited by Plaintiffs that purportedly sanction the use of such an agreement are easily distinguishable. First, Plaintiffs flat out ignore the central basis for the Federal Circuit's holding in *IPVenture, Inc. v. Prostar Computer, Inc.*, 503 F.3d 1324 (Fed. Cir. 2007). In that case, the defendants moved for dismissal on the basis that the plaintiff did not own the entire interest in the patent-in-suit, alleging partial ownership by Hewlett-Packard. *Id.* at 1325. In response, Hewlett-Packard stated that it never had any legal or equitable rights to the patent-in-suit. *Id.* at 1327. The Court then held that as Hewlett-Packard had disclaimed ownership, all parties with an ownership interest in the patent-in-suit had been joined as plaintiffs. Thus, there could be no risk of multiple lawsuits on the patent-in-suit. Here, unlike *IPVenture*, Kama-Tech does not disclaim interest in the Patents-in-Suit – indeed, Kama-Tech expressly states that it

3

retains all such rights and interest.  Thus, all owners of the patents are not joined as plaintiffs.  Accordingly, the holding of *IPVenture* does not apply here.

Plaintiffs reliance on *LP Matthews LLC v. Bath & Body Works, Inc.*, 458 F. Supp. 2d 211 (D. Del. 2006) is also misplaced.  In *LP Matthews*, two of the patent-in-suit's original owners intended to assign all of their rights in the patent-in-suit to Greenspan Corporation, which in turn assigned its rights to the named plaintiff.  *Id.* at 213.  However, due to a clerical error in which the original patent owners assigned the patents to Greenspan *Company* instead of Greenspan *Corporation*, the assignments were ineffective.  *Id.*  As a result, the defendant argued that Greenspan Corporation was a necessary party.  *Id.*  The Court held that Greenspan Corporation was not a necessary party because "it is clear that the Greenspan parties always intended to assign their rights to the [patent-in-suit] and that, but for their mistaken use of the term 'Company,' they would have done so."  *Id.* at 215.  Thus, the Court held that because "[t]he Greenspan parties have renounced any rights or claims that they may have possessed due to the mistake, leaving plaintiff as the sole party with an interest in the [patent-in-suit]," the plaintiff did not lack standing.  *Id.*  Again, in this case, unlike *LP Matthews*, Kama-Tech has not renounced or assigned its rights under the Patents-in-Suit, and the named Plaintiffs are not the sole owners of the Patents-in-Suit.  Accordingly, *LP Matthews* does not apply here.

Plaintiffs' reliance on *Amgen v. F. Hoffman-Laroche Ltd.*, 456 F. Supp. 2d 267 (D. Mass. 2006) is similarly erroneous.  *Amgen* involved the failure of a patent owner to join an exclusive licensee, not the failure to join an actual co-owner.  *Id.* at 282.  As the Court in *Amgen* noted, "despite decades of implicit . . . court interpretations that exclusive licensees are not necessary parties in suits brought by patent owners," the Federal Circuit recently held that exclusive licensees may be necessary parties.  *Id.*  *Amgen* did not involve a waiver agreement between

4

owners; it merely noted that such a licensee-exception may be possible in light of the recent requirement that exclusive licensees be joined as parties.  *Id.*  This is very much unlike the standing requirement that owners of a patent be joined as parties, which is black letter law and is expressly mandated by the Patent Act, 35 U.S.C. § 281.  Accordingly, *Amgen* does not apply here.

Finally, Plaintiffs' wrongly rely upon *Synopsys, Inc. v. Magma Design Automation, Inc.*, No. C-04-3923, 2006 U.S. Dist. LEXIS 21662 (N.D. Cal. Mar. 30, 2006).  The district court in *Synopsis* expressly applied Ninth Circuit law instead of Federal Circuit law to analyze whether a patent owner was a necessary party under Rule 19 of the Federal Rules of Civil Procedure on the basis that "joinder is an issue not unique to patent law."  *Id.* at *9 (quotations and citations omitted).  Standing to sue for infringement, however, is jurisdictional in nature under the Patent Act, 35 U.S.C. § 281, and Federal Circuit law clearly applies. The Federal Circuit applies its own standards (not those of the respective Circuits) when determining whether joinder is required under the Patent Act.  As discussed above, the Patent Act requires the joinder of Kama-Tech as a party to this lawsuit.  Accordingly, *Synopsis* is of no benefit to Plaintiffs.

### C. The Kama-Tech Waiver Does Not Protect Defendants From Multiple Lawsuits and Encumbers Defendants' Ability to Defend This Case.

The Kama-Tech Waiver simply does not protect Defendants in this case from multiple lawsuits or protect Defendants' right to take adequate discovery from both co-owners of the Patents-in-Suit.

As an initial matter, Plaintiffs claim that "[a]s a third party beneficiary of the waiver who is expressly named in the waiver contract [sic] . . . Defendants will be able to assert the waiver should Kama-Tech ever sue Defendants." (Pl. Br., Dkt No. 50, at p. 8.)  Plaintiffs of course cite no case in support of their theory's application to patent suits or otherwise.  Furthermore, the

Kama-Tech Waiver does not specify which state's contract law (or country's law, as Kama-Tech is a foreign corporation) would apply, undermining further Defendant's ability to rely upon the agreement.  Finally, a purported third-party beneficiary must, in fact, receive a benefit.  *First Nat'l Bancshares v. Geisel*, 853 F. Supp. 1337, 1341 (D. Kan. 1994) (holding that in order to establish oneself as a third-party *beneficiary*, "the third party must show the existence of a provision in the contract that operates to his benefit") (citing *Hartford Fire Ins. Co. v. Western Fire Ins. Co.*, 226 Kan. 197, 597 P.2d 622, 632 (1979) and *United States v. United Services Automobile Ass'n*, 968 F.2d 1000, 1002 (10th Cir. 1992)); *Stewart v. NationaLease of Kansas City*, 920 F. Supp. 1188, 1201 (D. Kan. 1996) (stating that "the third party must show the existence of a provision in the contract that operates to his benefit" and finding that third party was not a beneficiary of the contract); *Sunflower Pork, Inc. v. Consolidated Nutrition, L.C.*, Case No. 03-4025-JAR, 2004 U.S. Dist. LEXIS 10146, at *62-63 (D. Kan. June 1, 2004) (stating that "the third-party must show the existence of a provision in the contract that operates to its benefit").  Kama-Tech's attempted waiver and purported promise to abide by the judgment in this litigation offers no benefit to Defendants, who are still being sued for patent infringement by LTI.  The only party benefiting from the Kama-Tech waiver is Kama-Tech, which seeks to avoid the burden associated with participating in this lawsuit – a burden the waiver does not alleviate for Defendants.

Moreover, because Kama-Tech is a foreign corporation, failure to join Kama-Tech effectively precludes Defendants from obtaining discovery from a co-owner of four of the five Patents-in-Suit because discovery on a company with no U.S. presence can be difficult (if not impossible) to obtain.  Plaintiffs have notably failed to offer to assist in this process.  Instead, Plaintiffs declare, without citation, that "any perceived extra burden by the defendants of

6

discovery of Kama-Tech is not a legal factor in forcing a party to join a lawsuit they have no interest in pursuing." (Pl. Br., Dkt. No. 50, at 8.) The Patent Act, however, requires the joinder of all patent owners. Bound together by their common property – the '779, '651, '910, and '077 Patents – if they did not all "have an interest in pursuing [a suit]" then perhaps they should not have done so.

The discovery issue is not one of forcing an unwilling party to join a lawsuit – although Federal Circuit case law makes it clear that one co-owner of a patent "has the right to limit the other co-owner's ability to sue infringers by refusing to join voluntarily in the patent infringement suit." *See, e.g., Israel Bio-Engineering Project v. Amgen Inc.*, 475 F.3d 1256, 1264 (Fed. Cir. 2007); *Schering Corp. v. Roussel-UCLAF SA*, 104 F.3d 341, 645 (Fed. Cir. 1997). The issue is one of fidelity to law and fairness to the Defendants, who should not be required to pursue burdensome discovery from a non-party alien corporation that co-owns the Patents-in-Suit and is required under Federal Circuit law to be joined as a Plaintiff.[2]

## II. BUSHNELL, INC. ADMITS THAT IT LACKS STANDING TO BRING A CLAIM FOR INFRINGEMENT OF THE '259 PATENT.

Plaintiff Bushnell, Inc. admits that it did not own the '259 Patent when it filed the Complaint in this action. (Pl. Br. Mt. to Amend, Dkt. No. 53, at 1). Plaintiffs state that "[w]hen the original Complaint was filed . . . [the '259 Patent] was owned by Bushnell Holdings, Inc." and that "[t]he original Complaint thus incorrectly averred that Bushnell, Inc., a party to this litigation, owned the '259 Patent." (*Id.*) Plaintiffs further state that "[t]he discrepancy in the true ownership and plead [sic] ownership has, since the filing of the Complaint, been brought to Plaintiffs' attention via the Defendants' Motion to Dismiss." (*Id.* at p. 1-2.) In other words,

---

[2] Plaintiffs' reliance on *LP Matthews* regarding discovery is deeply misplaced; although the defendants raised the issue of discovery prejudice, the Court ignored the topic. Instead, the court held that the sole party with an interest in the patent-in-suit was joined as a party to that case. *See LP Matthews*, 485 F. Supp. 2d at 213-15.

Plaintiffs filed and served a complaint in federal court and filed, served and argued a preliminary injunction motion, all to enforce a patent that they did not own. Plaintiffs failed to uncover (or disclose) this foundational error, leaving to Defendants the task of determining who owned "Plaintiffs'" patents. As a result of this fundamental error, Plaintiffs' claims relating to the '259 Patent must be dismissed.

Plaintiffs attempt to *retroactively* rectify their lack of standing by assigning the '259 Patent to Plaintiff Bushnell, Inc. (four months after filing the Complaint and only after Defendants alerted the Court to this defect) and by seeking leave to amend their Complaint. (Dkt. No. 53). Plaintiffs' efforts cannot succeed. Federal Circuit decisions require that an infringement plaintiff must own the patent-in-suit both (1) at the time of the alleged infringement; and (2) at the time that the patent suit was initiated. *See, e.g., Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998); *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1210 (Fed. Cir. 1998). The Federal Circuit could not be more clear:

> As a general matter, parties should possess rights before seeking to have them vindicated in court. Allowing a subsequent assignment to automatically cure a standing defect would unjustifiably expand the number of people who are statutorily authorized to sue. . . . Permitting non-owners and licensees the right to sue, so long as they eventually obtain the rights that they seek to have redressed, would enmesh the judiciary in abstract disputes, risk multiple litigation, and provide incentives for parties to obtain assignment in order to expand their arsenal and the scope of litigation.

*Enzo*, 134 F.3d at 1093 (internal quotation marks omitted).

Here, Plaintiff Bushnell, Inc. attempts to escape this clear rule by arguing that its assignment is not *nunc pro tunc* – not retroactive – because it will have "acquired sufficient interest" in the '259 Patent prior to filing its proposed amended complaint. (Pl. Br., Dkt. No. 50, at 11.) This argument ignores the simple fact that the assignment is *nunc pro tunc* on its face – it includes "the right to sue for and collect <u>past</u> and future damages for patent infringement

8

throughout the United States." (Dkt. No. 51-5) (emphasis added); *see also Mas-Hamilton*, 156 F.3d at 1210-11 (stating that an assignment is *nunc pro tunc* if it gives the assignee a right to sue for past infringement).

Plaintiffs' claim that it does not seek retroactive standing simply cannot withstand a moment's scrutiny. Bushnell, Inc., a named plaintiff, did not own the '259 Patent (and thus did not have standing to sue under the '259 Patent) when it filed and served the Complaint. Plaintiffs' argument that the post-filing assignment somehow redeems that original defect blithely ignores that reality. Unless Bushnell, Inc. intends to withdraw its Motion for a Preliminary Injunction and abandon all claims for infringement against Defendants prior to the date of the assignment on May 7, 2009, then the assignment is inherently *nunc pro tunc* and its goal is clearly to establish prohibited retroactive standing.

Plaintiffs suggest that this Court simply overlook the fact that Bushnell, Inc. did not have standing to bring its original complaint and its Preliminary Injunction Motion because enforcing the Federal Circuit's standing rules would require Bushnell, Inc. to refile its claims and thus impact judicial economy. Bushnell cannot simply ignore jurisdictional rules that it deems inconvenient. Allowing Plaintiffs to opt out of the *Enzo* rule would render it meaningless because anytime a plaintiff encountered a standing problem, it could simply amend the complaint and invoke judicial economy.

Standing means something. Allowing Plaintiffs to carelessly bring suit without standing and then excuse their refusal to abide by jurisdictional requirements when their error is revealed threatens to undermine the very concept of standing – a crucial jurisdictional requirement. With standing rendered flexible and retroactively capable of correction, Plaintiffs would have no incentive to conduct a proper pre-suit inquiry and courts could very easily expect to receive a

9

proliferation of ultimately unjustifiable suits – a very real and systemic threat to judicial economy.[3]

Finally, even if *arguendo* the assignment from Bushnell Holdings, Inc. to Bushnell, Inc. somehow was sufficient to cure the deficiency in standing, it remains unclear whether Bushnell Holdings held a 100% ownership rights in the '259 Patent such that it could convey those rights to Bushnell, Inc. As discussed in Defendants' opening brief, the USPTO database indicates that a number of other entities have assigned security interests in the '259 Patent. These entities include Bolle, Inc., Old WSR, Inc., Serengeti Eyewear, Inc., Bushnell Night Vision, Inc., Tasco Holdings, Inc., Tasco Optics Corporation, Inc., Bolle America, Inc., and Mike's Holding Company. (Def. Br. (Dkt. 42) at 5.) Lenders are not in the habit of relying upon security interests in collateral from parties other than the true owners. The exact nature of each of these entities' interest in the '259 Patent is unclear, and Plaintiffs remain strangely silent on the point, leading to the very reasonable inference that we may have yet to learn who really owns the '259 Patent.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint in its entirety and award any other relief that the Court may deem appropriate.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.2, Defendants respectfully request oral argument.

---

[3] Bushnell, Inc.'s failure to conduct a proper pre-suit inquiry into the ownership of the '259 Patent prior to filing the Complaint (and subsequently seeking injunctive relief against Defendants on a patent Bushnell, Inc. did not own) calls into serious question Plaintiffs' injunction motion. Moreover, having been alerted to the standing defect at least as early as April 27 (prior to the April 29 hearing), Defendants question why Plaintiffs continued to prosecute this case as if Bushnell, Inc. owned the '259 Patent, when it admittedly did not.

Date:  May 26, 2009                                Respectfully submitted,


                                                                  FOULSTON SIEFKIN LLP

                                                                  By: s/*Scott C. Nehrbass*
      Scott C. Nehrbass, KS #16285
      Samuel P. Logan, KS #14832
9 Corporate Woods, Suite 450
9200 Indian Creek Parkway
Overland Park, KS  66210-2017
(913) 498-2100
(913) 498-2101 FAX
Email:  snehrbass@foulston.com
Email:  slogan@foulston.com

BUTZEL LONG P.C.
J. Michael Huget
Deborah J. Swedlow
Zachary V. Moen
350 South Main Street – Suite 300
Ann Arbor, Michigan  48104
(734) 995-3110
(734) 995-1777 (FAX)
E-mail: huget@butzel.com
E-mail: swedlow@butzel.com
E-mail: moen@butzel.com
(admitted *pro hac vice*)

ATTORNEY FOR DEFENDANTS
THE BRUNTON COMPANY
LS GLOBAL LLC, LANSHUO
PHOTOELECTRIC SCIENCE AND
TECHNOLOGY CO. LTD.

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of **May**, **2009**, I electronically filed the above and foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    Scott R. Brown
    Matthew B. Walters
    Jennifer C. Bailey
    HOVEY WILLIAMS LLP
    84 Corporate Woods
    10801 Mastin Blvd., Suite 1000
    Overland Park, KS  66210
    Email:  jcb@hoveywilliams.com
    Email:  mwalters@hoveywilliams.com
    Email:  srb@hoveywilliams.com

    ATTORNEYS FOR PLAINTIFFS

    By: s/*Scott C. Nehrbass*
    ATTORNEY FOR DEFENDANTS
    THE BRUNTON COMPANY
    LS GLOBAL LLC, LANSHUO
    PHOTOELECTRIC SCIENCE   AND
    TECHNOLOGY CO. LTD.