IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BUSHNELL INC.**, et. al,                    ) | |
| ) | |
| Plaintiffs,               ) | |
| ) | |
| v.                                             ) | Case No. 09-CV-2009-KHV-JPO |
| ) | |
| **THE BRUNTON COMPANY**, et. al,       ) | |
| ) | |
| Defendants.             ) | |
| ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

FACTS ........................................................................................................................................... 1

ARGUMENT .................................................................................................................................... 2

I.  THE COURT SHOULD REJECT PLAINTIFFS' MOTION TO AMEND THEIR
COMPLAINT BECAUSE THE PROPOSED AMENDMENTS ARE FULTILE. ........................ 2

    A.   The Proposed Amended Complaint Is Futile Because it Would Not Join All
Co-Owners to Four of the Patents-in-Suit.   3

    B.   The Proposed Amended Complaint Is Further Futile Because it Cannot Alter
the Fact that Plaintiffs' Did Not Own the '259 Patent at the Time of Filing   3

CONCLUSION.................................................................................................................................. 5

# INDEX OF AUTHORITIES

**Cases**

*Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998) .......................... 4, 5

*Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997) ..................................................... 3

*Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) ..................................................................... 3

*Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1210 (Fed. Cir. 1998) ............................... 4

*Proctor & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 310 (D. Del. 1995) .... 4

*Tiberi v. CIGNA Corp.*, 89 F.3d 1423, 1431 (10th Cir. 1996) ......................................................... 3

**Rules**

Rule 15(a) of the Federal Rules of Civil Procedure .......................................................................... 2

### INTRODUCTION

Plaintiffs have filed a Motion for Leave to File Their First Amended Complaint ("Motion to Amend") in an attempt to avoid the fundamental standing errors identified in Defendants' Motion to Dismiss Plaintiffs' Complaint ("Motion to Dismiss").  Plaintiffs' Motion to Amend is, however, futile, for Plaintiffs proposed amendments will not cure Plaintiffs' fatal standing deficiencies.  Accordingly, Plaintiffs' Motion to Amend should be denied.

### FACTS

The relevant facts are simply put: (i) Plaintiffs did not own one of the patents-in-suit when they filed the Complaint, and (ii) one of the co-owners of the remaining four patents-in-suit refuses to join the case.  These errors are unchanged by the proposed Amended Complaint and incapable of cure.

Plaintiffs filed this action on January 7, 2009, alleging that certain laser rangefinder products distributed or sold by Defendants infringe one or more of the following patents: U.S. Patent No. 5,612,779 (the "'779 Patent"), U.S. Patent No. 5,652,651 (the "'651 Patent"), U.S. Patent No. 5,926,259 (the "'259 Patent"), U.S. Patent No. 6,057,910 (the "'910 Patent"), and U.S. Patent No. 6,226,077 (the "'077 Patent") (collectively the "Patents-in-Suit") (Complaint at *passim*).

Plaintiffs' Complaint asserts that Bushnell, Inc. owns "all right, title, and interest in the '259 Patent, including full rights to recover past and future damages thereunder." (Dkt. No. 1, ¶ 36.)  This was, as we came to learn, false.  Plaintiffs' Complaint further states that LTI "co-owns the ['779, '651, '910, and '077 Patents] and, by agreement with its co-owner, has obtained the unilateral right to pursue the present action" and that Plaintiff Bushnell, Inc. is the exclusive

1

licensee of the ['779, '651, '910, and '077 Patents] within the field including the products accused of infringement herein." (Compl. ¶¶ 15, 26, 46, 57.).

On April 6, 2009, Plaintiffs filed a Motion for a Preliminary Injunction, seeking entry of an order enjoining Defendants from infringing upon five claims in two of the patents-in-suit: the '779 and '259 Patents. (Dkt. Nos. 16-18.) On April 27, 2009, Defendants filed their Brief in Opposition to Plaintiffs' Motion for a Preliminary Injunction.

On April 27, 2009, Defendants also filed a Motion to Dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction on the basis that Plaintiffs lacked standing to prosecute their infringement claims with respect to all five patents because Plaintiffs have failed to join Kama-Tech (HK) Ltd. (an admitted co-owner of the '779, '651, '910, and '077 Patents) as a party to this case and because Plaintiff Bushnell, Inc. was not the owner of any rights to the '259 Patent. (Dkt. No. 38.) Defendants also filed their Answer, Affirmative Defenses, and Counterclaims on April 27, 2009.

On May 11, 2009, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint and, at the same time, filed this Motion for Leave to File Their First Amended Complaint ("Motion to Amend") seeking to remedy the defects in the Complaint. (Dkt. Nos. 50-53.)

### **ARGUMENT**

I. **THE COURT SHOULD REJECT PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT BECAUSE THE PROPOSED AMENDMENTS ARE FULTILE.**

The Court should deny Plaintiffs' Motion to Amend because the proposed amendments do not remedy the standing deficiencies in Plaintiffs' Complaint. Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading should be freely given, the court may deny leave to amend where the amendment would be futile. *See, e.g., Grossman*

2

*v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir. 1997); *Tiberi v. CIGNA Corp.*, 89 F.3d 1423, 1431 (10th Cir. 1996). A motion to amend is futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. *See, e.g., Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). Here, as demonstrated conclusively in Defendants' Motion to Dismiss and supporting briefs, Plaintiffs' proposed Amended Complaint does not correct any of the Complaint's several and foundational standing errors because it does not name all owners of the Patents-in-Suit as plaintiffs and because the failure of the true owner of the '259 Patent to bring suit cannot be corrected. As the Amended Complaint would not result in a complaint that could withstand judicial scrutiny, it is futile and no leave to amend should be granted.

    **A.    The Proposed Amended Complaint Is Futile Because It Would Not Join All Co-Owners to Four of the Patents-in-Suit**.

A patent case cannot proceed without the participation of all owners in the underlying patent. Plaintiffs admit that they have not joined (and cannot join) Kama-Tech (HK) Ltd., the co-owner of the '779, '651, '910, and '077 Patents, as required by the Patent Act and Federal Circuit law. (Pl. Br., Dkt. No. 50, at 4.) Nothing in Plaintiffs' proposed Amended Complaint addresses this deficiency. Plaintiff Bushnell, Inc. also admits that is has no standing to sue for infringement of the '779, '651, '910, and '077 Patents because it holds only an exclusive field license in those patents. (*Id.*, pp. 3-4.) Without the participation of Kama-Tech (HK) Ltd., Plaintiffs' claims of infringement under the '779, '651, '910, and '077 Patents must be dismissed. *See Def. Reply Memorandum In Support of Motion to Dismiss* (filed concurrently and incorporated herein by reference). The proposed Amended Complaint is, therefore, futile.

    **B.    The Proposed Amended Complaint Is Further Futile Because it Cannot Alter the Fact that Plaintiffs' Did Not Own the '259 Patent at the Time of Filing.**

A patent case cannot proceed if none of the plaintiffs owned the patent-in-suit at the time of the initial filing. Federal Circuit law is clear that in order to bring an infringement action, the

party must own the patent-in-suit: (1) at the time of the alleged infringement; and (2) at the time that the patent suit was initiated.  *See, e.g., Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998); *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1210 (Fed. Cir. 1998).  The reasons for this rule are obvious and go to the very heart of the standing requirement.

> As a general matter, parties should possess rights before seeking to have them vindicated in court. Allowing a subsequent assignment to automatically cure a standing defect would unjustifiably expand the number of people who are statutorily authorized to sue. Parties could justify the premature initiation of an action by averring to the court that their standing through assignment is imminent. Permitting non-owners and licensees the right to sue, so long as they eventually obtain the rights they seek to have redressed, would enmesh the judiciary in abstract disputes, risk multiple litigation, and provide incentives for parties to obtain assignment in order to expand their arsenal and the scope of litigation. Inevitably, delay and expense would be the order of the day.

*Enzo*, 134 F.3d at 1093 (quoting *Proctor & Gamble Co. v. Paragon Trade Brands, Inc.*, 917 F. Supp. 305, 310 (D. Del. 1995)).

Plaintiffs admit that they held no interest in the '259 Patent when they filed their Complaint and their Motion for a Preliminary Injunction based on that patent.  (Dkt. No. 53, at 1.)  On May 7, 2009, Plaintiffs attempted to paper over this error – a failure that should have been corrected had Plaintiffs conducted a proper pre-suit inquiry – by executing a purported assignment of all rights to the '259 Patent from non-party Bushnell Holdings, Inc. to Plaintiff Bushnell, Inc.  (Dkt. No. 51-5.)  Now, Plaintiffs seek leave to amend their Complaint to retroactively incorporate this newly minted ownership interest in an attempt to remedy their admitted and obvious standing deficiency. However, as shown in Defendants' Reply memorandum filed contemporaneously herewith, Plaintiffs' proposed amendment does not cure Plaintiffs' original standing deficiencies.  *See Enzo*, 134 F.3d at 1093.  Thus, Plaintiffs' proposed retroactive assignment in an attempt to cure their standing deficiency is insufficient.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Amend and award any other relief that the Court may deem appropriate.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.2, Defendants respectfully request oral argument on Plaintiffs' Motion to Amend.

Date:  May 26, 2009                              Respectfully submitted,


FOULSTON SIEFKIN LLP

By: s/*Scott C. Nehrbass*
    Scott C. Nehrbass, KS #16285
    Samuel P. Logan, KS #14832
9 Corporate Woods, Suite 450
9200 Indian Creek Parkway
Overland Park, KS  66210-2017
(913) 498-2100
(913) 498-2101 FAX
Email:  snehrbass@foulston.com
Email:  slogan@foulston.com

BUTZEL LONG P.C.
J. Michael Huget
Deborah J. Swedlow
Zachary V. Moen
350 South Main Street – Suite 300
Ann Arbor, Michigan  48104
(734) 995-3110
(734) 995-1777 (FAX)
E-mail: huget@butzel.com
E-mail: swedlow@butzel.com
E-mail: moen@butzel.com
(admitted *pro hac vice*)

ATTORNEY FOR DEFENDANTS
THE BRUNTON COMPANY
LS GLOBAL LLC, LANSHUO
PHOTOELECTRIC SCIENCE AND
TECHNOLOGY CO. LTD.

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 26th day of **May**, **2009**, I electronically filed the above and foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

      Scott R. Brown
      Matthew B. Walters
      Jennifer C. Bailey
      HOVEY WILLIAMS LLP
      84 Corporate Woods
      10801 Mastin Blvd., Suite 1000
      Overland Park, KS  66210
      Email:  jcb@hoveywilliams.com
      Email:  mwalters@hoveywilliams.com
      Email:  srb@hoveywilliams.com

      ATTORNEYS FOR PLAINTIFFS

      By: s/*Scott C. Nehrbass*
      ATTORNEY FOR DEFENDANTS
      THE BRUNTON COMPANY
      LS GLOBAL LLC, LANSHUO
      PHOTOELECTRIC SCIENCE   AND
      TECHNOLOGY CO. LTD.