IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Bushnell Inc., a Delaware corporation and Laser Technology, Inc., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>American Technologies Network, Corp., a California corporation, The Brunton Company, a Wyoming corporation, LS Global LLC, d/b/a I-On Optics, a Wisconsin limited liability company, Sellmark Corporation d/b/a Sightmark, a Texas corporation, and Lanshuo Photoelectric Science and Technology Co. Ltd., a foreign corporation,<br><br>Defendants. | Civil No. 09-cv-2009 KHV/JPO |

## **First Amended Complaint**

Plaintiffs Bushnell Inc. and Laser Technology, Inc., for their causes of action against American Technologies Network, Corporation, The Brunton Company, LS Global LLC d/b/a I-On Optics, Sellmark Corporation d/b/a Sightmark, and Lanshuo Photoelectric Science and Technology Co. Ltd., allege and state as follows:

## **Parties**

1. Plaintiff Bushnell Inc. ("Bushnell") is a corporation duly organized under the laws of the State of Delaware with a principal place of business at 9200 Cody, Overland Park, Kansas, 66214.

2. Plaintiff Laser Technology, Inc. ("LTI") is a corporation duly organized under the laws of the State of Delaware with a principal place of business at 7070 South Tucson Way, Centennial, Colorado, 80112. Bushnell and LTI will be collectively referred to as Plaintiffs.

3. Upon information and belief, Defendant American Technologies Network, Corporation ("ATN") is a California corporation with its principal place of business at 1341 San Mateo Avenue, South San Francisco, California, 94080.

4. Upon information and belief, Defendant The Brunton Company ("Brunton") is a Wyoming corporation with a principal place of business at 2255 Brunton Court, Riverton, Wyoming, 82501.

5. Upon information and belief, Defendant LS Global LLC d/b/a I-On Optics ("I-On") is a Wisconsin limited liability company with a principal place of business at W 150 N 10159 Summer Hill Court, Germantown, Wisconsin, 53022.

6. Upon information and belief, Defendant Sellmark Corporation d/b/a Sightmark ("Sightmark") is a Texas corporation with a principal place of business at 201 Regency Parkway, Mansfield, Texas 76063.

7. Upon information and belief, Defendant Lanshuo Photoelectric Science and Technology Co. Ltd. ("Lanshuo") is a foreign corporation with a principal place of business at Fuhua Building of University Science and Technology Garden, Beibei, Chongqing, 400700, China.

8. Defendants ATN, Brunton, I-On, Sightmark, and Lanshuo will be collectively referred to as Defendants.

**Jurisdiction and Venue**

9. Plaintiffs incorporate by reference and re-allege the allegations in paragraphs 1 – 8, above, as if fully set forth herein.

10. This is an action for patent infringement arising under the patent laws, Title 35, United States Code.

11. This Court has jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338(a).

12. Venue is proper in this District in accordance with 28 U.S.C. §§ 1391(b) – (c), and 1400(b). Upon information and belief, Defendants sell various products, including the products complained of herein, throughout the United States and within this judicial district.

**Count I – Patent Infringement**
(U.S. Patent No. 5,612,779)

13. Plaintiffs incorporate by reference and re-allege the allegations in paragraphs 1 – 12, above, as if fully set forth herein.

14. On March 18, 1997, U.S. Patent No. 5,612,779 (the "'779 Patent"), entitled "Automatic Noise Threshold Determining Circuit and Method For a Laser Range Finder," was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '779 Patent is attached hereto as Exhibit A.

15. LTI co-owns the '779 Patent and, by agreement with its co-owner, has obtained the unilateral right to pursue the present action. Bushnell is the exclusive licensee of the '779 Patent within the field including the products accused of infringement herein, and Plaintiffs between them have full rights to recover past and future damages thereunder.

16. Bushnell sells, and/or offers for sale in the United States laser range finders that embody the claimed inventions of the '779 Patent. Bushnell has placed and continues to place

the required statutory notice that its laser range finders are protected by the ’779 Patent on Bushnell’s laser range finders that embody the claimed inventions of the ’779 Patent.

17. Upon information and belief, ATN imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by ATN under the name Ranger Eye-800. Upon information and belief, by reason of its commercial activities, ATN has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’779 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Ranger Eye-800.

18. Upon information and belief, Brunton imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Brunton under the name Echo. Upon information and belief, by reason of its commercial activities, Brunton has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’779 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Echo.

19. Upon information and belief, I-On imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by I-On under the names LS101B and LS101C. Upon information and belief, by reason of its commercial activities, I-On has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’779 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the LS101B and LS101C.

20. Upon information and belief, Sightmark imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Sightmark under the name SM650 Laser Rangefinder. Upon information and belief, by reason of its commercial activities, Sightmark has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’779 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the SM650 Laser Rangefinder.

21. Upon information and belief, Lanshuo imports, causes to be imported, distributes, causes to be distributed, sells, causes to be sold, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, the accused laser range finders distributed by ATN, Brunton, I-On, and Sightmark. Upon information and belief, by reason of its commercial activities complained of herein, Lanshuo has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’779 Patent.

22. Upon information and belief, Defendants have deliberately and willfully infringed the ’779 Patent and will continue to infringe the ’779 Patent and Plaintiffs will be irreparably harmed unless Defendants are enjoined by this Court under 35 U.S.C. § 283 from their continuing infringement.

23. As a direct and proximate result of the Defendants’ infringement of the ’779 Patent, Plaintiffs have been, and are continuing to be, damaged and are entitled to recover damages from Defendants under 35 U.S.C. § 284.

**Count II – Patent Infringement**
(U.S. Patent No. 5,652,651)

24. Plaintiffs incorporate by reference and re-allege the allegations in paragraphs 1 – 23, above, as if fully set forth herein.

25. On July 29, 1997, U.S. Patent No. 5,652,651 (the "'651 Patent"), entitled "Laser Range Finder Having Selectable Target Acquisition Characteristics and Range Measuring Precision," was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '651 Patent is attached hereto as Exhibit B.

26. LTI co-owns the '651 Patent and, by agreement with its co-owner, has obtained the unilateral right to pursue the present action. Bushnell is the exclusive licensee of the '651 Patent within the field including the products accused of infringement herein, and Plaintiffs between them have full rights to recover past and future damages thereunder.

27. Upon information and belief, ATN imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by ATN under the name Ranger Eye-800. Upon information and belief, by reason of its commercial activities, ATN has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the '651 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Ranger Eye-800.

28. Upon information and belief, Brunton imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Brunton under the name Echo. Upon information and belief, by reason of its commercial activities, Brunton has, and is still,

directly infringing, contributorily infringing, and/or inducing infringement of, the ’651 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Echo.

29. Upon information and belief, I-On imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by I-On under the names LS101B and LS101C. Upon information and belief, by reason of its commercial activities, I-On has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’651 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the LS101B and LS101C.

30. Upon information and belief, Sightmark imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Sightmark under the name SM650 Laser Rangefinder. Upon information and belief, by reason of its commercial activities, Sightmark has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’651 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the SM650 Laser Rangefinder.

31. Upon information and belief, Lanshuo imports, causes to be imported, distributes, causes to be distributed, sells, causes to be sold, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, the accused laser range finders distributed by ATN, Brunton, I-On, and Sightmark. Upon information and belief, by reason of its commercial activities complained of herein, Lanshuo has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’651 Patent.

32. Upon information and belief, Defendants have deliberately and willfully infringed the ’651 Patent and will continue to infringe the ’651 Patent and Plaintiffs will be irreparably harmed unless Defendants are enjoined by this Court under 35 U.S.C. § 283 from their continuing infringement.

33. As a direct and proximate result of the Defendants’ infringement of the ’651 Patent, Plaintiffs have been, and are continuing to be, damaged and are entitled to recover damages from Defendants under 35 U.S.C. § 284.

**Count III – Patent Infringement**
(U.S. Patent No. 5,926,259)

34. Plaintiffs incorporate by reference and re-allege the allegations in paragraphs 1 – 33, above, as if fully set forth herein.

35. On July 20, 1999, U.S. Patent No. 5,926,259 (the “’259 Patent”), entitled “Laser Range Finder with Target Quality Display,” was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the ’259 Patent is attached hereto as Exhibit C.

36. On November 14, 1997, the named inventors of the ’259 Patent assigned all right, title, and interest in and to the inventions disclosed in the ’259 Patent to Bushnell Corporation. On November 16, 2005, Bushnell Corporation adopted an amendment to its articles of incorporation and changed its named to Bushnell Holdings, Inc. Bushnell Holdings, Inc. assigned all right, title, and interest, including full rights to recover past and future damages thereunder, to Plaintiff Bushnell Inc. on May 7, 2009. Bushnell owns all right, title, and interest in and to the ’259 Patent, including full rights to recover past and future damages thereunder.

37. Upon information and belief, ATN imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range

finders, including, but not limited to, lines of products sold by ATN under the name Ranger Eye-800. Upon information and belief, by reason of its commercial activities, ATN has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’259 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Ranger Eye-800.

38. Upon information and belief, Brunton imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Brunton under the name Echo. Upon information and belief, by reason of its commercial activities, Brunton has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’259 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Echo.

39. Upon information and belief, I-On imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by I-On under the names LS101B and LS101C. Upon information and belief, by reason of its commercial activities, I-On has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’259 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the LS101B and LS101C.

40. Upon information and belief, Sightmark imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Sightmark under the name SM650 Laser Rangefinder. Upon information and belief, by reason of its commercial activities, Sightmark has, and is still, directly infringing, contributorily infringing, and/or inducing

infringement of, the ’259 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the SM650 Laser Rangefinder.

41. Upon information and belief, Lanshuo imports, causes to be imported, distributes, causes to be distributed, sells, causes to be sold, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, the accused laser range finders distributed by ATN, Brunton, I-On, and Sightmark. Upon information and belief, by reason of its commercial activities complained of herein, Lanshuo has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’259 Patent.

42. Upon information and belief, Defendants have deliberately and willfully infringed the ’259 Patent and will continue to infringe the ’259 Patent and Bushnell will be irreparably harmed unless Defendants are enjoined by this Court under 35 U.S.C. § 283 from their continuing infringement.

43. As a direct and proximate result of the Defendants’ infringement of the ’259 Patent, Bushnell has been, and is continuing to be, damaged and is entitled to recover damages from Defendants under 35 U.S.C. § 284.

**Count IV – Patent Infringement**
(U.S. Patent No. 6,057,910)

44. Plaintiffs incorporate by reference and re-allege the allegations in paragraphs 1 – 43, above, as if fully set forth herein.

45. On May 2, 2000, U.S. Patent No. 6,057,910 (the “ ’910 Patent”), entitled “Self-Calibrating Precision Timing Circuit and Method for a Laser Range Finder,” was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the ’910 Patent is attached hereto as Exhibit D.

46. LTI co-owns the ’910 Patent and, by agreement with its co-owner, has obtained the unilateral right to pursue the present action. Bushnell is the exclusive licensee of the ’910 Patent within the field including the products accused of infringement herein, and Plaintiffs between them have full rights to recover past and future damages thereunder.

47. Bushnell sells, and/or offers for sale in the United States laser range finders that embody the claimed inventions of the ’910 Patent. Bushnell has placed and continues to place the required statutory notice that its laser range finders are protected by the ’910 Patent on Bushnell’s laser range finders that embody the claimed inventions of the ’910 Patent.

48. Upon information and belief, ATN imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by ATN under the name Ranger Eye-800. Upon information and belief, by reason of its commercial activities, ATN has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’910 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Ranger Eye-800.

49. Upon information and belief, Brunton imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Brunton under the name Echo. Upon information and belief, by reason of its commercial activities, Brunton has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’910 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Echo.

50. Upon information and belief, I-On imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range

finders, including, but not limited to, lines of products sold by I-On under the names LS101B and LS101C. Upon information and belief, by reason of its commercial activities, I-On has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’910 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the LS101B and LS101C.

51. Upon information and belief, Sightmark imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Sightmark under the name SM650 Laser Rangefinder. Upon information and belief, by reason of its commercial activities, Sightmark has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’910 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the SM650 Laser Rangefinder.

52. Upon information and belief, Lanshuo imports, causes to be imported, distributes, causes to be distributed, sells, causes to be sold, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, the accused laser range finders distributed by ATN, Brunton, I-On, and Sightmark. Upon information and belief, by reason of its commercial activities complained of herein, Lanshuo has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’910 Patent.

53. Upon information and belief, Defendants have deliberately and willfully infringed the ’910 Patent and will continue to infringe the ’910 Patent and Plaintiffs will be irreparably harmed unless Defendants are enjoined by this Court under 35 U.S.C. § 283 from their continuing infringement.

54. As a direct and proximate result of the Defendants' infringement of the '910 Patent, Plaintiffs have been, and are continuing to be, damaged and are entitled to recover damages from Defendants under 35 U.S.C. § 284.

**Count V – Patent Infringement**
(U.S. patent No. 6,226,077)

55. Plaintiffs incorporate by reference and re-allege the allegations in paragraphs 1 – 54, above, as if fully set forth herein.

56. On May 1, 2001, U.S. Patent No. 6,226,077 (the " '077 Patent"), entitled "Self-Calibrating Precision Timing Circuit and Method for A Laser Range Finder," was duly and legally issued by the United States Patent and Trademark Office. A true and accurate copy of the '077 Patent is attached hereto as Exhibit E.

57. LTI co-owns the '077 Patent and, by agreement with its co-owner, has obtained the unilateral right to pursue the present action. Bushnell is the exclusive licensee of the '077 Patent within the field including the products accused of infringement herein, and Plaintiffs between them have full rights to recover past and future damages thereunder.

58. Bushnell sells, and/or offers for sale in the United States laser range finders that embody the claimed inventions of the '077 Patent. Bushnell has placed and continues to place the required statutory notice that its laser range finders are protected by the '077 Patent on Bushnell's laser range finders that embody the claimed inventions of the '077 Patent.

59. Upon information and belief, ATN imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by ATN under the name Ranger Eye-800. Upon information and belief, by reason of its commercial activities, ATN has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the '077 Patent by

making, using, selling, and/or offering for sale laser range finders, including at least the Ranger Eye-800.

60. Upon information and belief, Brunton imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Brunton under the name Echo. Upon information and belief, by reason of its commercial activities, Brunton has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’077 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the Echo.

61. Upon information and belief, I-On imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by I-On under the names LS101B and LS101C. Upon information and belief, by reason of its commercial activities, I-On has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’077 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the LS101B and LS101C.

62. Upon information and belief, Sightmark imports, distributes, sells, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, lines of products sold by Sightmark under the name SM650 Laser Rangefinder. Upon information and belief, by reason of its commercial activities, Sightmark has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’077 Patent by making, using, selling, and/or offering for sale laser range finders, including at least the SM650 Laser Rangefinder.

63. Upon information and belief, Lanshuo imports, causes to be imported, distributes, causes to be distributed, sells, causes to be sold, and/or offers to sell throughout the United States, including within this District, one or more lines of laser range finders, including, but not limited to, the accused laser range finders distributed by ATN, Brunton, I-On, and Sightmark. Upon information and belief, by reason of its commercial activities complained of herein, Lanshuo has, and is still, directly infringing, contributorily infringing, and/or inducing infringement of, the ’077 Patent.

64. Upon information and belief, Defendants have deliberately and willfully infringed the ’077 Patent and will continue to infringe the ’077 Patent and Plaintiffs will be irreparably harmed unless Defendants are enjoined by this Court under 35 U.S.C. § 283 from their continuing infringement.

65. As a direct and proximate result of the Defendants’ infringement of the ’077 Patent, Plaintiffs have been, and are continuing to be, damaged and are entitled to recover damages from Defendants under 35 U.S.C. § 284.

**WHEREFORE**, Plaintiffs requests that this court enter a judgment:

(a) Preliminarily and permanently enjoining and restraining Defendants, their officers, directors, agents, dealers, representatives, servants, and employees, and all parties in active concert with Defendants, from directly infringing, contributorily infringing, or inducing infringement of U.S. Patents No. 5,612,779, 5,652,651, 5,926,259, 6,057,910, and 6,226,077;

(b) Granting to Plaintiffs an award of damages, together with prejudgment interest, for the damages suffered by Plaintiffs as a result of infringement by Defendants, and an award trebling said damages as a result of the willful nature of the Defendants’ infringement in accordance with 35 U.S.C. § 284;

(c) Awarding Plaintiffs their costs and attorneys' fees, pursuant to 35 U.S.C. § 285; and

(d) Granting Plaintiffs such other and further relief and remedy as justice may require.

**Jury Demand**

Plaintiffs Bushnell and LTI demand a trial by jury in this matter.

Respectfully Submitted,

/s/Scott R. Brown

Scott R. Brown, KS Bar #23,395
Jennifer C. Bailey, KS Bar #23,446
Matthew B. Walters, KS Bar #23,514
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
T: (913) 647 – 9050
F: (913) 647 – 9057

ATTORNEYS FOR PLAINTIFFS
BUSHNELL INC. AND
LASER TECHNOLOGY, INC.

## Certificate of Service

I hereby certify that on the 4th day of September, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM / ECF system, which sent notification of such filing to the following:

J. Michael Huget
Deborah J. Swedlow
BUTZEL LONG P.C.
350 S. Main Street, Suite 300
Ann Arbor, Michigan 48104

Scott C. Nehrbass
Samuel P. Logan
FOULSTON SIEFKIN LLP
9 Corporate Woods, Suite 450
9200 Indian Creek Parkway
Overland Park, Kansas 66210

ATTORNEYS FOR DEFENDANTS THE BRUNTON COMPANY, LS GLOBAL LLC D/B/A I-ON OPTICS, AND LANSHUO PHOTOELECTRIC SCIENCE AND TECHNOLOGY CO. LTD.

/s/Scott R. Brown