IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BUSHNELL INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.  09-2009-KHV |
| ) | |
| THE BRUNTON COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

Plaintiffs Bushnell, Inc. ("Bushnell") and Laser Technology, Inc. ("LTI") bring suit against defendants The Brunton Company, Lanshuo Photoelectric Science and Technology Co. Ltd., and LS Global LLC d/b/a I-On Optics for infringement of five U.S. patents. Currently before the court is plaintiffs' unopposed motion **(doc. 91)** for leave to file a second amended complaint.

Plaintiffs seek leave to amend their complaint to identify LTI as the sole owner of U.S. Patent Nos. 5,612,779, 5,652,651, 6,057,910 and 6,226,077 ("the LTI Patents").[1] Plaintiffs explain that the LTI Patents were previously co-owned by plaintiff LTI and non-party Kama-Tech (HK) Limited ("Kama-Tech").  Then, on August 31, 2009, U.S. District Judge Kathryn H. Vratil issued a Memorandum and Order (doc. 88, corrected at doc. 89) ruling that, while plaintiffs had constitutional standing to bring this suit, they lacked

---

[1]The fifth patent-in-suit is not implicated in the instant motion.

prudential standing because Kama-Tech was not a party to the suit.[2] Judge Vratil noted that plaintiffs "may attempt to cure this prudential standing defect."[3]  In response to Judge Vratil's order, plaintiffs sought Kama-Tech's assignment to LTI of Kama-Tech's interest in the LTI Patents so as to remedy the prudential standing defect.  On September 8, 2009, Kama-Tech assigned its entire interest in the LTI Patents to LTI, such that LTI is now the 100% owner of the LTI Patents.[4]  Plaintiffs filed their motion to amend that same day.

Pursuant to Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Rule 15(a)(2) directs the court to "freely give leave when justice so requires."  The court "should deny leave to amend only when it finds undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[5]  When the deadline set in the scheduling order for amending pleadings has passed, as it has in this case, Fed. R. Civ. P. 16(b)(4) may also be implicated.[6]  Rule 16(b)(4) provides that a scheduling order "may be modified only

---

[2]Doc. 89 at 16.  Judge Vratil explained that for prudential standing to exist in an infringement suit, all co-owners of a patent must join as plaintiffs.  *Id.* at 11.

[3]*Id.* at 17.

[4]Bushnell remains an exclusive licensee.

[5]*Heavin v. Owens-Corning Fiberglass Corp.*, No. 02-cv-2572, 2003 WL 22843182, at *1 (D. Kan. Oct. 20, 2003) (internal quotation omitted).

[6]The Tenth Circuit "has not yet considered whether Rule 16(b)(4) must be met when motions to amend pleadings would necessitate a corresponding amendment of scheduling (continued...)

for good cause and with the judge's consent." To establish good cause, plaintiffs must show that they could not have met the scheduling order deadline for amending their complaint even if they had acted with due diligence.[7]

The court finds that plaintiffs have met both the standards of Rule 15(a)(2) and Rule 16(b)(4). Under Rule 15(a)(2), the court finds no undue delay, bad faith, undue prejudice, or futility of amendment. Plaintiffs' motion was contemplated by Judge Vratil's order and was filed just eight days after the issuance of the order. Defendants have alleged no prejudice and do not oppose the motion. Under Rule 16(b)(4), the court finds that plaintiffs could not have met the July 28, 2009 deadline in the scheduling order for motions to amend the pleadings, given that Judge Vratil did not find a lack of prudential standing until August 31, 2009.

Accordingly, the court grants plaintiffs' unopposed motion to amend their complaint. Plaintiffs are directed to file their second amended complaint forthwith.

IT IS SO ORDERED.

Dated this 9th day of September, 2009, at Kansas City, Kansas.

                                           s/ James P. O'Hara
                                           James P. O'Hara
                                           U.S. Magistrate Judge

---

[6](...continued)
orders." *U.S. ex re. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (citing *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006)).

[7]*Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993).