# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|                                         |   |                    |
|-----------------------------------------|---|--------------------|
| **BUSHNELL, INC., et al.,**             | ) |                    |
|                                         | ) |                    |
| Plaintiffs,                             | ) |                    |
| v.                                      | ) | CIVIL ACTION       |
|                                         | ) |                    |
| **THE BRUNTON COMPANY, et al.,**        | ) | No. 09-2009-KHV    |
|                                         | ) |                    |
| Defendants.                             | ) |                    |

## NOTICE AND ORDER TO SHOW CAUSE

Under 35 U.S.C. § 101 et seq., Bushnell, Inc. and Laser Technology, Inc. ("LTI") bring suit against The Brunton Company, Lanshuo Photoelectric Science and Technology Co. Ltd. ("Lanshuo") and LS Global LLC d/b/a I-On Optics ("I-On"), alleging infringement of five U.S. patents. On November 24, 2009, the Court entered a preliminary injunction, effective November 25, 2009, enjoining Brunton and Lanshuo from importing and selling Brunton Echo 440 laser rangefinders and Lanshuo models LS010B, LS011, LS011A, LS012, LS013 and LS013D. Defendants appealed that order to the Federal Circuit Court of Appeals. See Doc. #119. On June 8, 2010, the Federal Circuit sustained Brunton's motion to voluntarily dismiss the appeal. See Doc. #155 (noting that Lanshuo had not entered an appearance).

Over the past few months, the parties have engaged in lengthy settlement negotiations. On May 14, 2010, Judge O'Hara noted that plaintiffs had reached a settlement agreement with Brunton and that plaintiffs anticipate finalizing a settlement with I-On in the near future.[1] As to defendant Lanshuo, Judge O'Hara ordered as follows:

---

[1] On May 20, 2010, the Court entered a Stipulated Consent Judgment And Permanent Injunction (Doc. #150) which adjudicated all claims by Bushnell against Brunton.

> Plaintiffs do not anticipate reaching any settlement with defendant Lanshuo Photoelectric Science and Technology Co., Ltd.; the record reflects Lanshuo is no longer staying in contact with its attorney of record, Scott Nehrbass. He shall file his renewed motion to withdraw by 5/21/10. Once Mr. Nehrbass is granted leave to withdraw, and if as expected Lanshuo declines to retain substitute counsel, plaintiffs shall file any motion for default judgment against Lanshuo they wish the [court] to consider by 5/28/10.

Doc. #146. On May 20, 2010, Judge O'Hara granted Scott Nehrbass and Samuel Logan's motion to withdraw as counsel forLanshuo, and directed the clerk to send a copy of the text order to Lanshuo's representative by mail and e-mail. See Doc. #151. Judge O'Hara directed plaintiffs to file any motion for default judgment against Lanshuo by May 28, 2010.[2] In response, on May 28, 2010, plaintiffs filed a Motion For An Order To Show Cause Why Lanshuo Science And Technology Co., Ltd. Should Not Be Held In Default And Have The Preliminary Injunction Made Permanent For Failure To Obtain Counsel And Further Participate In This Litigation (Doc. #152).

As plaintiffs point out, Lanshuo has been without licensed representation in this matter since May 20, 2010. Further, as a corporation, Lanshuo must be represented by counsel. Tal v. Hogan, 453 F.3d 1244, 1254 (10th Cir. 2006). A Court may find a corporate defendant in default if it fails to obtain substitute counsel. See GFSI, Inc. v. San Sun Hats & Cap Co., Ltd., No. 07-2026, 2008 WL 489318, at *1, 4 (D. Kan. Feb. 20, 2008).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For An Order To Show Cause Why Lanshuo Science And Technology Co., Ltd. Should Not Be Held In Default And Have The

---

[2] Rule 55(a), Fed. R. Civ. P. obligates plaintiff to apply for and obtain entry of default before filing a motion for default judgment. See Fed. R. Civ. P. 55(a) (authorizing entry of default when defendant fails to plead "or otherwise defend" and that failure is "shown by affidavit or othewise"); Kelly v. Wilson, No. 09-2188-KHV, 2009 WL 3122519, at *1 (D. Kan. Sept. 29, 2009) (plaintiff cannot proceed directly to default judgment under Rule 55(b) before receiving an entry of default under Rule 55(a)); GFSI, Inc. v. San Sun Hats & Cap Co., Ltd., No. 07-2026, 2008 WL 489318, at * 1, 4 (D. Kan. Feb. 20, 2008) (same).

Preliminary Injunction Made Permanent For Failure To Obtain Counsel And Further Participate In This Litigation (Doc. #152) filed May 28, 2010 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that on or before **June 25, 2010**, **Lanshuo shall show cause in writing why the Court should not direct the clerk to enter default against Lanshuo for failure to procure counsel. If Lanshuo does not show cause by June 25, 2010, the Court will direct the Clerk to enter default against Lanshuo, and Lanshuo will then be subject to a motion for default judgment.**

Dated this 15th day of June, 2010 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge